IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Penson Financial Services, Inc.

v.                                            No. 09-CV-1899

Solaris Opportunity Fund, LP

## BRIEF OF SOLARIS OPPORTUNITY FUND, LP
## IN SUPPORT OF ITS MOTION TO DISMISS OR
## ALTERNATIVELY TO TRANSFER VENUE

Solaris Opportunity Fund, LP ("Solaris"), through its attorneys, respectfully requests that the Court dismiss the instant action for lack of personal jurisdiction, or, alternatively, transfer this matter to the United States District Court for the Northern District of Illinois.  Substantially all of the matters complained of occurred in the Northern District of Illinois, where Solaris has filed a petition to vacate the arbitration award underlying this action.[1]  Solaris, the defendant here, is a Delaware limited partnership with its principal place of business in Oak Brook, Illinois. The arbitration at issue took place at the Financial Industry Regulatory Authority ("FINRA") offices in Chicago, Illinois, and the material witnesses reside there.

## BACKGROUND

Solaris filed a claim in arbitration against Penson for its failure to properly exit fully hedged options positions in an account of Solaris custodied at Penson.  Defendant's Appendix ("Def's Appx."), pp D-App 1-4, ¶8.  The conduct underlying the arbitration claim arose in February 2005 in an account exclusively containing funds, securities and options contracts owned by Solaris on behalf of its investors.  *Id.*, ¶7  Unbeknownst to Patrick J. Rooney, the manager of the fund's general partner, the account his clients' funds and positions were in was

---

[1]      Case No. 09-cv-06817, Judge Robert M. Dow, Jr., presiding.

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

1

not owned by Solaris, but by the broker-dealer that introduced accounts to Penson, a Boca Raton, Florida firm known as STG Secure Trading Group.  *Id.*¶¶4-6.

STG was in the business of introducing customer accounts.  *Id.* ¶4.  In addition, it did a certain amount of proprietary trading. *Id.* Penson was its clearing broker and custodian of its assets and its customers.  *Id.* In late 2004, STG convinced Solaris, then a new customer, to "join" its "joint back-office" operated at Penson in order to take advantage of more favorable margin. *Id.*, ¶5.  Solaris had previous experience with Penson when it was a customer of TradePortal, another broker-dealer that cleared trades through Penson.  *Id.* Pat Rooney, the principal of Solaris, did <u>not</u> know that since Solaris was a non broker-dealer and non-member of the NASD,[2] STG was prohibited from offering joint back-office services to Solaris. *Id.*, ¶6.   He was never informed (by Penson or STG) that by agreeing to transfer its' clients' funds into a joint back-office account, Solaris would no longer be considered the "owner" of those funds, in the eyes of Penson, but that STG would be. *Id.*

In December 2004 and January 2005, Solaris, in reliance on STG, transferred substantially all of its assets into the STG joint back-office account.  *Id.*, ¶7. Rooney continued to manage the assets and trade his customers' funds from Solaris' offices in Oak Brook, Illinois as he had before.  *Id.* However, in February 2005, less than six weeks Solaris' customer assets had been transferred, STG and Penson suddenly shut down trading in the account and forced liquidation of millions of dollars of stock and options positions, leading ultimately to a loss of nearly $400,000.00.  *Id.,* ¶8.  The liquidation occurred on the Chicago Board Options Exchange

---

[2]      The NASD subsequently merged with the regulatory division of the New York Stock Exchange to form FINRA-the Financial Industry Regulatory Authority.

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

2

in Chicago, Illinois and at Solaris' offices in Oak Brook, Illinois, under the supervision of Jack

Boyle, a Penson employee responsible for Penson's operations on that exchange. *Id.*

Solaris filed a claim in arbitration against Penson seeking, *inter alia*, to recover the losses

suffered in the account due to Penson's mismanagement of the liquidation. *Id.,* ¶9.   After a

hearing, an arbitration panel in Chicago denied Solaris' claims, which did not arise under any

contract between Solaris and Penson, and instead awarded some $200,000 in attorneys' fees and

expenses to Penson, wrongly relying on a contract provision that did not provide for such fees.

*Id.* ¶ 10.  Less than a month after obtaining the award, and without first requesting that Solaris

pay the award, Penson filed the instant suit in this court, rather than the U.S. District Court in

Chicago, or an Illinois state court that could assert personal jurisdiction over Solaris.  Solaris

similarly has filed a petition to vacate the award in the United States District Court for the

Northern District of Illinois, *Id.* ¶11, and requests that this Court either 1) dismiss the instant

action pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, transfer the matter to the United

States District Court in Chicago under 28 U.S.C. 1404(a).

## ARGUMENT

### I.        The Court Should Dismiss this Action Pursuant to Fed. R. Civ. P. 12(b)(3)

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(3) for

improper venue.  Fed. R. Civ. P. 12(b)(3).  In considering a motion under this Rule, the court is

not limited to the allegations of the complaint, but may consider extrinsic evidence.  *Continental*

*Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).  Where material facts are

in dispute, the court may hold an evidentiary hearing to "weigh credibility, assess evidence and

make findings of fact" with regard to the issues raised in the motion.  *Id., quoting  Murphy v.*

*Schneider Nat'l, Inc.,* 362 F.3d 1133, 1140 (9th Cir.2004).   A court considering a motion to

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

3

dismiss for improper venue may also consider affidavits and declarations submitted in support of

such motions.  *Schneider Nat'l., Inc.,* 362 F.3d at 1137.

Venue in diversity cases is governed by 28 U.S.C. §1391(a), which states, in relevant

part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship
> may, except as otherwise provided by law, be brought only in (1) a judicial
> district where any defendant resides, if all defendants reside in the same State, (2)
> a judicial district in which a substantial part of the events or omissions giving rise
> to the claim occurred, or a substantial part of property that is the subject of the
> action is situated, or (3) a judicial district in which any defendant is subject to
> personal jurisdiction at the time the action is commenced, if there is no district in
> which the action may otherwise be brought.

In *Jordache Enterprises, Inc. v.  Brobeck, Phleger & Harrison*, 1994 WL 74860

(S.D.N.Y. 1994), the court explained the application of this statute as follows:

> Venue statutes serve the purpose of "protecting a defendant from the
> inconvenience of having to defend an action in a trial court that is either remote
> from the defendant's residence or from the place where the acts underlying the
> controversy occurred." *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917
> F.2d 1574, 1576 (Fed.Cir.1990). Where venue is challenged by a defendant,
> plaintiff bears the burden of proving that venue is proper in the forum state.
> *Pocahontas Supreme Coal Co. v. National Mines Corp.,* 90 F.R.D. 67, 69
> (S.D.N.Y.1981). In a case with multiple claims, plaintiff has the burden of
> establishing that venue is proper as to each claim. *VDI Technologies v. Price,* 781
> F.Supp. 85, 92 (D.N.H.1991).

*Jordache*, 1994 WL 74860 at *3.

Proper venue has also been found where the case is filed in the district in which the acts

and omissions giving rise to a claim for breach of contract occurred.  *Plymouth Tube Co. v.

O'Donnell,* 1995 WL 387595, *4 (N.D. Ill., 1995).  Venue is improper in cases where the

defendants do not reside in the district and all of the events giving rise to the claim occurred in a

different venue. *Id.*

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

4

Under the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* ("FAA") applicable here, Congress has stated its preference for the court in the district where an award was rendered to determine whether such an award should be confirmed, vacated, or modified.   In FAA Sections 9 (confirmation of awards) the parties are directed to the local District Court where the award was rendered by substantially identical language:  "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."  9 U.S.C. § 9.   Similarly, Section 10 provides that the District Court "in and for the district wherein the award was made" may vacate the award.  9 U.S.C. §10(a).  Under Section 11 of the Act, the court "in and for the district wherein the award was made" may also modify the award to correct errors in calculation, awards on matters not actually submitted to the arbitrators, and scrivener's errors.  9 U.S.C. §11.

Here, of course, the event giving rise to both this confirmation proceeding and the petition to vacate in Illinois is the same—the FINRA arbitration award, issued in Chicago following a six-day arbitration at the Chicago FINRA offices.  Although the Court need not look into the underlying matter, it also arose out of Pat Rooney's trading on the Chicago Board Options Exchange from his offices in Oak Brook, Illinois and most specifically for this Court, out of the actions of Penson's local representative, Jack Boyle, both at the CBOE in downtown Chicago and in Solaris' Oak Brook offices.

Solaris does not maintain offices in Texas and is not amenable to the court's general jurisdiction in that state.  Indeed, its <u>primary</u> contacts with the state of Texas are remote, over the internet, from companies such as Penson providing services to Solaris <u>in Illinois.</u>  The overwhelming majority of the trades in Solaris' accounts, both for its customer account and the ersatz "joint back-office" account, were executed on the CBOE in Chicago, where Penson

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

5

maintains offices.   Thus, the court in Chicago is a proper venue and can also exert personal

jurisdiction over the parties, who have both shown themselves amenable to appearing there.  This

Court does not.

**II.     Alternatively, The Court Should Transfer the Matter Pursuant to 28 U.S.C. § 1404(a).**

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. §1404(a).   Transfer is appropriate where, as here, the balance of public and private

interest factors weighs in favor of the alternative forum. *In re Volkswagen of America, Inc.*

545 F.3d 304 (5th Cir. 2008), *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839

(1947).

**A.  Venue is proper in the Northern District of Illinois.**

The threshold analysis in any Section 1404(a) motion is whether venue would be proper

in the alternative forum, i.e., whether Penson could sue Solaris in Illinois. *Volkswagen*, 545 F.3d

at 312 (preliminary question is whether action "might have been brought" in alternative federal

court).  Penson has asserted a claim to confirm an arbitration award rendered in Chicago, Illinois.

U.S. District Courts have jurisdiction over state law claims exceeding $75,000.00 if the parties

are citizens of different states.   28 USC §1331.  Venue is appropriate in any court where the

transactions occurred or the defendant resides.  28 U.S.C. §1391(a).  Since all of the transactions

at issue occurred in Illinois, where Solaris resides, and considering that this case seeks to confirm

an award in the arbitration that took place in Illinois, the Northern District of Illinois is the

appropriate venue for this action.

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

6

### B.  The Public and Private Interest Factors Favor Transfer.

The *Volkswagen* Court noted "Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience".  545 F.3d at 313, *quoting Norwood v. Kirkpatrick*, 349 U.S. 29, 34, 75 S.Ct. 544 (1955).   Citing *Gilbert,* the court identified several "private interest" and "public interest" factors that this Court must consider in deciding whether to grant a motion for change of venue.  *Volkswagen*, 545 F.3d at 316-317.  These clearly favor venue in the Northern District of Illinois.

### i.       The Balance of Private Interest Factors Favors Transfer.

The "private" factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Id., citing In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004) (*Volkswagen I*).

### 1.  The Relative Convenience of the Parties Favors Transfer.

As the court in *Volkswagen* noted, the primary issue in a motion under Section 1404(a) is the relative convenience–both physical and financial– to the parties.  *Sporalich v. U.S.,* 471 F.Supp. 440 (E.D. Pa. 1979).  In *Sporalich*, the court found the fact that all of the witnesses were in the transferee district, along with all of the relevant documents and evidence, outweighed the plaintiff's interest in having the case tried in his home forum. *Id.*

Preservation of Solaris's resources as it defends this lawsuit is a serious consideration for this Court.  Solaris operates from a single office in Oak Brook, Illinois and does not maintain any offices or operations in any other city, including Dallas, where this Court sits.  D-App. 2. Solaris

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

7

respectfully suggests that the costs it must bear for defending this claim in Dallas outweigh the potential cost to Penson of litigating in Illinois. Penson is a worldwide company with offices in Chicago. Solaris, on the other hand, will suffer significant disruptions to its ongoing business if its manager is required to spend extended periods of time in Dallas. D-App. 3.

### 2. The Sources of Proof Are In Chicago.

The convenience of witnesses–especially nonparties–is entitled to great weight in the Court's consideration of a motion to transfer. *Solarishhan v. Ft. Lauderdale,* 566 F.Supp. 736, 739 (E.D.Pa.1983). Several witnesses who may be called in this matter are in Chicago and not subject to this Court's subpoena power. Fed. R. Civ. P. 45(b)(2). These witnesses include the FINRA staff members assigned to the case and members of the Chicago Board Options Exchange who may be called upon to provide testimony regarding the issues in this confirmation proceeding.

The location of books and records favors venue in the Northern District of Illinois. Solaris's books and records pertaining to this matter are located in Oak Brook, Illinois. FINRA's records are located in Chicago. Thus, the private interest factors favor transfer to the U.S. District Court located in Chicago.

### ii. The Public Factors Also Favor Transfer.

The public interest factors the Court should consider in relation to a venue motion are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 316-317.

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

8

1. **The Northern District of Illinois Is Less Congested.**

The "administrative difficulties flowing from court congestion" favor the Northern District of Illinois.  The most recent judicial caseload figures, from 2008, demonstrate a trend in the Northern District of Texas to outstrip the judicial caseload of the Northern District of Illinois. Documents obtained from the Administrative Office of the U.S. Courts show that on a per capita basis, each District Judge in the Northern District of Texas was responsible for at least 23 more cases than a District Judge in Chicago.  In 2008, judges in the Texas District were managing a docket of 264 cases, while Illinois District Judges had an average of 241.  U.S. District Court-Judicial Caseload Profile Report, *available at* http://www.uscourts.gov/caseload2008.

2. **Illinois Is The State With the Greatest Interest.**

The law applicable to the case is the FAA, which, is a "substantive body of federal law." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 424, 87 S.Ct. 1801(1967). Nonetheless, the local interest of Illinois in deciding this controversy is great.  All of the claims at issue arise out of transactions of Solaris in Illinois and relate to the Illinois arbitration. None involves Texas.  Solaris has never done business in the Northern District of Texas and would not be within the general jurisdiction of this Court under ordinary circumstances.

3. **The Third and Fourth Factors Favor Neither Forum.**

As noted, this matter will be resolved under Sections 9 and 10 of the FAA, with which any federal court is familiar.  This matter also involves no issues of foreign law or conflicts of state law.  These factors favor neither venue.  Considering the totality of the circumstances, however, a court in Illinois should hear this case.

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

9

## CONCLUSION

WHEREFORE, Solaris Opportunity Fund, LP respectfully requests that this Court dismiss the instant action, or alternatively, transfer this case to the United States District Court for the Northern District of Illinois because the convenience of parties and witnesses and the interest of justice heavily favor a different forum than this Court

Respectfully submitted,

HERMES SARGENT BATES, L.L.P.

/s/ *Meggan C. Burchfield*

By: _____

**FRANK ALVAREZ**
State Bar No. 00796122
**BRENT W. MARTINELLI**
State Bar No. 24037037
**MEGGAN C. BURCHFIELD**
State Bar No. 24038753

901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)

ATTORNEYS FOR DEFENDANT
SOLARIS OPPORTUNITY FUND, LP

BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 18th day of November 2009, a true and correct copy of the foregoing document was served electronically via the Court's ECF system, and in compliance with the Federal Rules of Civil Procedure to the following counsel of record:

Thomas Craddock
Steven Thomas
McGuire, Craddock & Strother, P.C.
500 N. Akard, Suite 3550
Dallas, Texas 75201

/s/ *Meggan C. Burchfield*
_____
Meggan C. Burchfield

9000/00001