IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Penson Financial Services, Inc.

No. 09-CV-189

v.

Solaris Opportunity Fund, LP

**REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)**

Penson Financial Services, Inc. ("Penson") devotes considerable effort to an attempt to avoid the obvious -- it filed the instant action before it even knew whether Solaris Opportunity Fund LP ("Solaris") would pay an arbitration award issued by a panel of FINRA arbitrators in Chicago Illinois in September 2009. It had no reason to do so, other than to increase Solaris' costs connected with either settling the attorney's fee claim at the heart of this action or moving to vacate the award within the allotted three months under 9 U.S.C. §11. Indeed, there was not even the slightest effort on the part of Penson and its attorneys to work cooperatively to resolve the serious issues raised by the arbitration award itself.

Indeed, Penson had to have known that the arbitrators' errors in applying clear legal principles would result in either a reasonable compromise on costs and expenses Penson claimed or the pending petition to vacate before Judge Dow in the Northern District of Illinois.

**BACKGROUND**

At all times relevant, Patrick Rooney, the sole manager of Solaris, conducted Solaris' business from an office in Oak Brook, Illinois. He has never traveled to Texas on any business

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

1

for Solaris. Solaris has no investors in Texas, does not own any property in Texas, and is not present in Texas for purposes of personal jurisdiction. Supplemental Declaration Of Patrick G. Rooney In Support Of Motion To Dismiss Or Alternatively, Transfer Venue ("Rooney Suppl. Dec."), Suppl. App. at 1.

Penson seeks to make Patrick Rooney's brother John, into an agent of Solaris for purposes of personal jurisdiction and venue. John Rooney was at all times an independent contractor who worked as a "finder" for Solaris from time to time and occasionally assisted Pat with trade reconciliation from his home in Florida. The only connection John has to Texas is that he flew from Florida one time with Alan Wiener, the principle of STG Secure Trading Group, and introducing broker/dealer that did business with Penson. Contrary to Penson's contentions here, John's testimony at the arbitration clearly demonstrated that his spur of the moment flight to Texas on Wiener's aircraft was not undertaken as a manager, agent, or representative of Solaris, but at best, as a personal representative of his brother.

Penson, a FINRA-registered clearing firm, involved itself directly in a situation involving Solaris, a customer of STG Secure Trading Group, another FINRA-registered broker-dealer in Boca Raton, Florida that had a clearing arrangement with Penson. As a result of Penson's conduct, Solaris lost several hundred thousand dollars of its investors' assets. At the arbitration hearing in this matter, the panel found Solaris had not met its burden to prove it was damaged by Penson's conduct. Thus, it is not only wildly inaccurate, but misleading for Penson to come before this court now and contend as it does that the panel found anything more than the preponderance of the evidence in an admittedly close arbitration.

Solaris dismissed Phil Pendergraft, Penson's President, voluntarily as a personal respondent in the arbitration for reasons unrelated to the proofs in the case. Contrary to Penson's

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

2

contentions here, the arbitration panel in this case did not determine that any of Solaris' claims were false or unfounded, but merely that a motion to expunge Mr. Pendergraft's registration records was appropriate.

The arbitration at issue here was the second of two such proceedings. Shortly before the final hearing in the initial arbitration, Solaris and Penson reached an agreement to dismiss Penson from the preceding without prejudice, in order to focus on issues of breach of contract and fraud specific to STG, with the understanding that issues involving the improperly prediction of Solaris' positions would be taken up at a future date. The arbitration panel in the initial NASD arbitration awarded $2.25 million to Solaris, which was subsequently confirmed by a judgment of the United States District Court for the Southern District of Florida.

Subsequent to the entry of judgment, Solaris sought to reopen the issue of Penson's unreasonable liquidation of its investors' positions. Thus, it filed a claim in arbitration with FINRA, leading to the award underlying this matter. Solaris has moved to vacate the award in the U.S. District Court in Chicago, and this Court should dismiss the instant matter in favor of adjudication in the Northern District of Illinois.

**ARGUMENT**

This Court should dismiss the instant action or alternatively, transfer Penson's petition to confirm the arbitration award to Judge Dow in the US District Court for the Northern District of Illinois. Chicago is clearly a secure your venue. Solaris resides in that district, not this one. Penson also resides in the Northern District of Illinois, because it maintains an office at the Chicago Board of Options Exchange, the very office from which Solaris' options positions were unwound, giving rise to the underlying arbitration claim.

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

3

I.    DISMISSAL UNDER RULE 12(b)(3) IS WARRANTED.

It is elementary that a party with no substantial contact with the district where a lawsuit is filed should not be forced to litigate there. Therefore, a party asserting jurisdiction over a nonresident defendant must demonstrate (1) that defendant has minimum contacts with the forum state, i.e., that it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) that the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) that the exercise of personal jurisdiction is fair and reasonable. *McFadin v. Gerber*, 587 F.3d 753 760 (5th Cir. 2009).

A.    There Are Insufficient Contacts with The State of Texas.

Communications relating to the performance of a contract are not sufficient to establish jurisdiction over a nonresident party. *McFadin*, supra, 587 F.3d at 760, *citing*, *Freudensprung v. Offshore Technical Services, Inc*., 379 F.3d 327 344 (5th Cir.2004) ("this court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish minimum contacts"). To satisfy the minimum contacts prong of personal jurisdiction, the activities must be directed at the forum state and the contacts must be continuous and systematic. *Wilson v. Belin,* 20 F.3d 644, 650 (5th Cir. 1994) (nonresident defendant's activities were not substantial where he visited Texas only three times in five years). In *Wilson*, a defamation case, the court noted that although the defendants gave interviews to Texas newspapers and visited occasionally to lecture on the subject of the Kennedy Assassination, the contacts were not substantial enough to justify personal jurisdiction. *Id.*

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

4

Penson's argument in favor of this district boils down to its contention that Solaris "resides" in Texas by virtue of its entering into a contract with Penson and communicating with Penson about the performance of that contract. Prior to January 2005, Solaris' only contact with Penson was through introducing brokers in California and Florida. Rooney Declaration, ¶ 4.[1] Solaris communicated with Penson through an Internet connection in Oak Park, where Rooney did all of Solaris' business and where Penson liquidated Solaris' positions in February 2005. *Id.*, ¶¶ 2, 8. Penson's contention that John Rooney, a non-employee of Solaris, visited Texas once does not change that analysis. Thus, the minimum contacts analysis fails.

Penson also contends that its clearing services satisfy minimum contacts. However those were directed at Solaris in Illinois over the Internet, which is sufficient to establish jurisdiction over Penson in Chicago, but not over Solaris in Texas. *Khalil v. Chatham College*, 391 F.Supp.2d 588, 592 (S.D. Tex. 2005) (remote website operator is only subject to personal jurisdiction if highly interactive and commercial).

B.   **The Matter Does Not Arise Out of Solaris' Contacts With Texas.**

For personal jurisdiction to lie, the matter must arise out of Solaris' contacts with Texas. *McFadin*, supra,. There is no dispute that the matter under consideration by the Court, the confirmation of an arbitration award rendered in Chicago, does not demonstrate sufficient contacts for the court to exercise jurisdiction over Solaris. As discussed above, the mere fact that Solaris telephoned Penson's trade desk and had contact through Penson's internet portal is not a "contact with Texas" sufficient to confer jurisdiction. Moreover, the clearing services Penson performed were directed at <u>Chicago</u>, where the trades originated and were executed, and where

---

[1]   Declaration of Patrick G. Rooney In Support of Motion to Dismiss or Alternatively, Transfer Venue, D-App-1-4 to Solaris' opening brief.

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

5

the options contracts subject to the underlying matter cleared and were held.[2]   Any activities of Penson in Texas were intended to support these activities <u>outside</u> the state.

### C. Substantial Justice Favors Dismissal

Finally, the exercise of personal jurisdiction must comport with notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476(1985). Under this prong, the court must analyze five factors to determine whether substantial justice is served by haling an out-of-state defendant into court: (1) the burden on the defendant in defending the lawsuit; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Long v. Grafton Executive Search, LLC,* 263 F.Supp.2d 1085 (N.D.Tex. 2003).

Of these, the first factor, the burden on the Defendant, is overwhelming. Solaris cannot effectively afford to litigate anywhere <u>other than</u> Chicago. Solaris' only asset is an illiquid position in a thinly-traded security. Rooney Suppl. Dec., ¶4, D-Suppl.-App 1. Solaris is subject to redemption requests from its investors. *Id.*; Rooney Decl. ¶12, D-App 3. Therefore, even if Solaris once had, on paper, "millions of dollars in net asset value," (Response at 13),  there is effective no way to liquidate its current holdings in any way that could support the substantial expense of defending a lawsuit in Texas. The remaining factors are similar to the private interest factors applicable to Section 1404(a) motions and are discussed below.

---

[2]   All options contracts are issued, cleared and held at the Options Clearing Corporation.  See http://www.optionsclearing.com/clearing/clearing-services/default.jsp.

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

6

II. **THE PRIVATE INTEREST FACTORS FAVOR TRANSFER UNDER 28 U.S.C. 1404(a).**

a. **Penson's Choice of Forum Is Not Dispositive**

Penson suggests that its choice of forum is a "paramount consideration," *citing Young v. Armstrong World Indus. Inc.*, 601 F.Supp. 399 (N.D. Tex. 1984). It goes on by attempting to bootstrap a "legally relevant factual nexus" onto its contention that Solaris "did business" in Texas by communicating with its offices in Dallas pursuant to a contract. Response at 12. However, the Plaintiff's choice of forum is not dispositive. *Martinez v. City of Fort Worth, Texas,* 2003 WL 21289654, *2 (N.D. Tex. 2003) (plaintiff's choice of forum entitled to little weight where defendant, evidence and operative facts arose elsewhere).

This is just such a case. As discussed above, the arbitration of this matter took place in Chicago, and Penson did not dispute the hearing location or move for a change of venue. In addition, as discussed in Solaris' opening brief, any witnesses required for the Court to determine whether the award should be vacated are in Chicago. The FINRA personnel and the arbitrators involved in the matter are not subject to this Court's subpoena power.

While the defendant's choice of forum is not dispositive—any more than a plaintiff's, the preferred forum of the defendant is a material consideration for the Court. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Northern District of Illinois is a rational choice supported by the nexus of activity. Solaris resides exclusively in Illinois, does business there, not in Texas, and has no contacts with this forum. Penson, on the other hand, seeks to recover from Solaris in Illinois as a result of an arbitration that took place in Illinois.

Based on the foregoing, the forum selected by the Plaintiff is not the rational locale for this suit. Indeed, since the arbitration at issue and the underlying act—the unreasonable

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

7

liquidation of Solaris' position, occurred in Illinois, this factor weighs in favor of Illinois and against Texas.

### b. The Convenience of Parties and Witnesses Favors Illinois.

Where the defendant resides, where the arbitration took place, and where the underlying claims arose are entitled to substantial weight. See *Matt v. Baxter Healthcare Corp.,* 74 F.Supp.2d 467 (E.D.Pa. 1999). In *Matt*, as here, the court transferred the case because all of the operative facts of the matter most importantly, the events underlying the dispute, originated or had nexus with Illinois, not the forum state. *See National Mortgage Network, Inc. v. Home Equity Centers, Inc.,* 683 F.Supp. 116 (E.D.Pa. 1988) (transfer appropriate where operative facts arose in different district, even if some effects felt in this district).

The Court should not credit the red herring argument that the matter should remain in Texas because Penson resides in the district and the contracts it seeks to enforce contain a Texas choice-of-law clause. This turns the nexus analysis on its head. *Matt,* supra. If Penson's argument were at all credible, there would never be any restriction upon hauling defendants hundreds of miles to defend themselves regarding conduct that took place in their home districts.

In addition, Solaris has a right to call witnesses and elicit live testimony based upon the development of evidence seen at the hearing on its motion to vacate. *See Brumley v. Wingard,* 269 F.3d 629 (6th Cir. 2001) (preference for face-to-face confrontation at trial). As a practical matter, the trial testimony of the Illinois witnesses will be better and more efficiently elicited in an Illinois courtroom, instead of here, because earlier evidence developed at trial may require the parties to suspend the trial and conduct further depositions on matters arising during trial. Since Penson has previously demonstrated its willingness to expend funds on attorney travel to Illinois

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

8

for the arbitration hearing, it is irrational to suggest Penson would be inconvenienced by sending them to Illinois for a short trial. The only purpose of keeping the matter in Texas is to maximize the cost and inconvenience to <u>Solaris</u>, which has no connection with this forum.

Importantly, Penson does not suggest a <u>single witness</u> it intends to call resides in this district (indeed, it has expressed interest in calling none), while <u>all</u> of Solaris' witnesses, including non-parties, reside in Illinois. Solaris has expressed legitimate concerns as to its own employee-witness who would be required to spend significant time away from the office to travel to Dallas to testify, which will create very real economic and operational disruptions.

Solaris has met its burden to demonstrate the clear superiority of Illinois to this forum, as all of the operative facts giving rise to his cause of action arose in and have nexus with Illinois, not this district. Therefore, the Northern District of Illinois, not this District, is the most rational and convenient venue.

      **c.   The Relative Physical and Financial Condition of the Parties Favors Transfer.**

Penson cannot be allowed to hale Solaris into court hundreds of miles from home when the matter is substantially related to the arbitration and the underlying Chicago-based claims, involves the same parties, and has greater nexus with Illinois. *See Wild v. Jungle Media Group*, 2004 WL 834695 (E.D.Pa. 2004) (relative financial burden on plaintiff only a factor where high cost would effectively prevent an individual from bringing his claims in alternative forum). Penson is a world-wide financial services firm with offices in Chicago. It is an operating business, as opposed to Solaris, which is not currently operating. It has a single office in Oak Brook, Illinois and only one employee. In contrast to the vast liquid resources available to Penson, Solaris has a substantially lower net worth, substantially all of which is tied up in illiquid

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

9

preferred stock. Penson can validly and reasonably employ its vastly superior financial resources to litigate anywhere in the United States or abroad. It is patently <u>unreasonable</u> for Solaris to be required to litigate far from its office.

### d. The Witnesses Are Available in the Northern District of Illinois and Trial Expenses to Solaris Would be Lower.

As discussed above and in its opening brief (See Solaris' Brief at 8), the witnesses it would call reside in or near the Northern District of Illinois. Therefore, the availability of witnesses and the reduced expense of trial (see Section I.C above) favors Illinois.

### e. All Sources of Proof are in Illinois.

The location of sources of proof—documents and witnesses, tips in the direction the majority of those are located. *Sporalich v. U.S.,* 471 F.Supp. 440 (E.D. Pa. 1979). Thus, the location of books and records relevant to this matter <u>outside</u> the possession, custody or control of the parties is important. Those third-party documents, in possession of FINRA, are in Chicago, not Dallas.

### f. The Alleged Wrong Occurred In Illinois.

Penson attempts to set up a straw man by saying the "events relevant to the underlying proceeding" involved significant contacts with this District. (Response at 15). However, there is no dispute that the alleged wrong in this case, the arbitration award, was entered at FINRA's offices in Chicago, by a Chicago FINRA arbitration panel. In addition, the underlying wrongs, most significantly the unreasonable liquidation of Solaris' position, happened in Oak Brook Illinois, not Dallas.

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

10

  g. **Solaris Would Be Prejudiced By Proceeding In This Forum.**

As discussed at length above and in its opening brief, the substantial cost to Solaris of proceeding in this forum, including airfare and lodging for at least three people, is beyond Solaris' means at this time.  It has an illiquid secuties position, not the cash on hand that would be required to support this matter.  Therefore, this factor supports proceeding in the Northern District of Illinois.

**III.** **THE INTEREST OF JUSTICE FACTORS FAVOR THE NORTHERN DISTRICT OF ILLINOIS.**

  a. **The First To File Rule Should Not Apply.**

"Application of the first-to-file rule is discretionary and it is inappropriate in some circumstances. Factors to be considered include the existence of "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.,* 16 Fed. Appx. 433, 437 (6th Cir.2001), *citing In re Burley,* 738 F.2d 981, 988 (9th Cir.1984).  The Court may decline to apply the first to file rule for the convenience of the parties. *Intuitive Surgical, Inc. v. California Institute of Technology,* 2007 WL 1150787, *2 (N.D. Cal. 2007).  Analysis under the "convenience of the parties" exception is akin to the "convenience of parties and witnesses" under Section 1404(a).  *Med-Tec Iowa, Inc. v. Nomos Corp.,* 76 F.Supp.2d 962, 970 (N.D.Iowa 1999).

  As discussed in Solaris' opening brief, this action is an "anticipatory suit," brought to assure an advantage for Penson rather than provide for substantial justice between the parties. From the time of the arbitration hearing to today, there has been no doubt that Solaris could defend an action in Chicago, but was unlikely to be able to do so in Dallas.

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

11

The Court should additionally decline to apply the first to file rule for the convenience of the parties. There is also no doubt that Penson has the resources to prosecute its claims in Chicago, which has personal jurisdiction over Solaris. As discussed above, Solaris would be drastically inconvenienced by being forced to litigate in Texas. Therefore, Solaris filed it petition to vacate <u>and</u> the instant motion in order to have this suit heard where it should be – in Chicago. The Court should exercise its discretion and either stay or dismiss this proceeding.

*Sutter Corp. v. P&P Industries*, cited by Penson at 17, does not concern the factors set forth in *Burley*, but rather restates the well-worn axiom that venue under the Federal Arbitration Act is permissive rather than mandatory. Similarly, the decision here should be different than that in *S&B Engineers,* cited by Penson at 18. In that case, there was no motion to dismiss, but only a question of whether the first-to-file rule required the court to consolidate the second-filed case. Here, the convenience exception applies.

The court should also disregard the red-herring argument that Solaris' petition to vacate is a mandatory counterclaim in this forum. Solaris filed the instant motion only after filing its petition to vacate in the proper venue and thus preserve its rights under the three-month bar of the Federal Arbitration Act. Penson, with a one-year limitation on actions to confirm an award, was not so constrained and filed this action here instead of in Illinois.

  **b.  Deciding Localized Interests At Home Favors Illinois, not Texas.**

Penson's contention that a petition to confirm the arbitration award, obtained through the Chicago FINRA Dispute Resolution office against an Illinois domiciliary, somehow implicates localized interests in Texas is without merit. While it is clear Penson's activities take place in this District, it is equally clear that Solaris' do not. This factor weighs in favor of transfer.

REPLY BRIEF OF SOLARIS OPPORTUNITY FUND, LP
IN SUPPORT OF ITS MOTION TO DISMISS OR
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)

12

IV. **CONCLUSION**

For the foregoing reasons, Defendant Solaris Opportunity Fund, LP respectfully requests that this Court grant its motion to transfer this matter to the Northern District of Illinois, Eastern Division for all further proceedings.

Respectfully submitted
**Hermes Sargent Bates, L.L.P.**

*/s/Brent W. Martinelli*
By: _____
**FRANK ALVAREZ**
State Bar No. 0076122
**BRENT W. MARTINELLI**
State Bar No. 24037037
**MEGGAN C. BURCHFIELD**
State Bar No. 24038733

901 Main Street, Suite 3200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)

ATTORNEYS FOR DEFENDANT
SOLARIS OPPORTUNITY FUND, LP

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 21st day of January, 2010, a true and correct copy of the foregoing document was served electronically via the Court's ECF system, and in compliance with the Federal Rules of Civil Procedure to the following counsel of record:

Thomas Craddock
Steven Thomas
McGuire, Craddock & Strother, P.C.
500 N. Akard, Suite 3550
Dallas, Texas 75201

*/s/Brent W. Martinelli*
Brent W. Martinelli